**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DONALD HUFFMAN and** | : | **CIVIL ACTION** |
| **CAROL HUFFMAN,** | : | |
| **Plaintiffs,** | : | |
| | : | |
| **v.** | : | |
| | : | **10-6895** |
| **ROCKWELL FREIGHT FORWARDING, LLC,:** | | |
| **Defendant.** | : | |

**M E M O R A N D U M**

PRATTER, J.                                                                                        FEBRUARY 9, 2011

**Introduction**

      This negligence action arises out of injuries allegedly sustained a year ago by Donald Huffman while at a facility said to be owned by Rockwell Freight Forwarding, LLC ("Rockwell Freight"). Mr. Huffman is a truck driver who, while standing on a loading dock at the Rockwell Freight facility and waiting for his trailer to be filled by Rockwell Freight employees, allegedly was told to move by one of these employees. Responding to this request, Mr. Huffman then tripped on a "dock plate" which caused him to fall through an "open, unguarded, and unprotected loading dock delivery bay door opening." Pls.' Br. at 1. Mr. Huffman allegedly suffered a number of injuries as a result of this accident.

      The Huffmans filed a Complaint against Rockwell Freight in the Philadelphia County Court of Common Pleas on April 12, 2010. The matter was transferred on November 18, 2010 from Philadelphia to the Bucks County Court of Common Pleas, after discovery limited to the issue of appropriate venue supported this transfer. The referenced state court case remains open, and "Plaintiffs do not contest that the federal and state court actions are parallel actions." Pls.' Br. at 3.

Rockwell Freight moves the Court to stay or dismiss this action "in favor of the already-pending State Court litigation that has been proceeding for 9 months and is now poised to proceed in the proper venue of [Bucks County]." Mot. ¶ 12. The Huffmans, in opposition, contend that the matter has been proceeding in state court for nine months only because the preliminary objections filed in Philadelphia were not acted on for some time, and that the discovery permitted in Philadelphia was limited to the issue of whether defendant regularly does business in Philadelphia County. Pls.' Br. at 6-12. The Huffmans argue that neither a dismissal nor a stay is appropriate because Rockwell Freight has not demonstrated exceptional circumstances which would justify this Court surrendering its jurisdiction. Id. at 12.

**Standard of Review**

In reviewing a Motion to Dismiss, the Court "must only consider those facts alleged in the complaint and accept all of those allegations as true." ALA, Inc. v. CCAIR, Inc., 29 F.3d 855, 859 (3d Cir. 1994) (citing Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)); see also Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007) (stating that courts must assume that "all the allegations in the complaint are true (even if doubtful in fact)"). The Court must also accept as true all reasonable inferences that may be drawn from the allegations, and view those facts and inferences in the light most favorable to the non-moving party. Rocks v. Philadelphia, 868 F.2d 644, 645 (3d Cir. 1989). The Court may consider the allegations contained in the complaint, exhibits attached to the complaint, matters of public record and records of which the Court may take judicial notice. See Tellabs, Inc. v. Makor Issues & Rts., 127 S. Ct. 2499, 2509 (2007); Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir.

1993).  Specifically, a court may take judicial notice of the record from a state court proceeding and consider it on a motion to dismiss.  See, e.g., Poli v. SEPTA, No. 97-6766, 1998 WL 405052, at *3, n.1 (E.D. Pa. Jul. 7, 1998).

**Discussion**

"Generally, as between state and federal courts, the rule is that the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." Colorado River Water Conservation District v. United States, 424 U.S. 800, 817 (1976) (internal quotations omitted).  "Where a party in federal court seeks a stay because of pending parallel litigation in state court, this Court is obliged to consider such a request as a motion for abstention. This is because while parallel state litigation is pending, a stay for even a limited period of time can end up foreclosing the federal courts as a forum in which a plaintiff may seek relief due to the doctrine of res judicata." Westport Ins. Corp. v. Law Offices of Marvin Lundy, No. 03-CV-3229, 2004 WL 555415, at *5 (E.D. Pa. Mar. 19, 2004).  In considering whether to abstain in favor of a pending state court proceeding, the Court must analyze the following six factors:

1.      which court first assumed jurisdiction over property;

2.      the inconvenience of the federal forum;

3.      the desirability of avoiding piecemeal litigation;

4.      the order in which jurisdiction was obtained;

5.      whether federal or state law controls; and

6.      whether the state court will adequately protect the interests of the parties.

See Spring City Corp. v. American Bldgs. Co., 193 F.3d 165, 171 (3d Cir. 1999) (noting the District Court's consideration of these six factors in determining whether it should abstain from exercising jurisdiction pursuant to Colorado River). As to the third factor, the desirability of avoiding piecemeal litigation, a party must show that there is "a strongly articulated *congressional policy* against piecemeal litigation in the specific context of the case under review." Ryan v. Johnson, 115 F.3d 193, 198 (3d Cir. 1997) (emphasis in original). "[N]o one factor is determinative and only the clearest of justifications will warrant dismissal." Id. at 196 (internal quotations omitted).

Abstention under Colorado River is not to be mandated lightly, and is justified only in "the exceptional circumstances where the order to the parties to repair to the state court would clearly serve an important countervailing interest" to the Court's interest in retaining jurisdiction. Colorado River, 424 U.S. at 813 (internal quotations omitted). "Despite the value of conserving scarce judicial resources and of promoting the comprehensive resolution of disputes within the framework of a single piece of litigation, the strength of the federal court's obligation to exercise the jurisdiction conferred upon it, combined with the absence of constitutional or strong federalism concerns, makes abstention for the avoidance of duplicative litigation appropriate only under exceptional circumstances." Agresta v. Goode, 797 F. Supp. 399, 404 (E.D. Pa. 1992).

Rockwell Freight contends that it is entitled to relief under Colorado River because it is substantially less convenient to be in Philadelphia than in Bucks County, it is desirable to avoid piecemeal litigation where the incentive for filing the federal suit is merely forum shopping, jurisdiction was first obtained in the state court, state law controls, and the state court will adequately protect the interests of the parties. Def.'s Br. at 7-12.

The Huffmans respond in opposition that this is not an appropriate case for the exercise of Colorado River abstention, which they properly contend is granted sparingly and only in exceptional circumstances. They argue that a 13-mile difference between the commutes to the different courthouses for Rockwell Freight employees is insufficient to support Rockwell Freight's "inconvenience" argument. They also assert that no discovery beyond the narrow issue of whether Rockwell Freight does business in Philadelphia has occurred in the parallel state claim, and that they "intend to discontinue that [state court] action upon proof that the parties are diverse and defendant was the lessor in control of the premises where the accident occurred." Pls.' Br. at 1-2. Plaintiffs further argue that there is no identified expression of Congressional intent to preclude forum shopping such that Rockwell Freight's argument that the Court should abstain from exercising jurisdiction over this case fails. Id. at 8-11. The Huffmans argue that, while the first-filing in state court might weigh in favor of abstention, in this particular case no activity has occurred in the state court case that would merit the dismissal of this action in favor of the state court action. Id. at 11-13. Finally, the Huffmans contend that there are no complex or novel issues of state law that would justify surrendering jurisdiction to the state court, and that both the state and federal courts can adequately protect the parties' rights. Id. at 13-14. The Huffmans conclude that Rockwell Freight has failed to demonstrate the exceptional circumstances that would merit abstention and that Rockwell Freight's Motion should be denied. Id. at 14-15.

The decision whether to dismiss a federal action because of parallel state-court litigation rests "on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction." Moses H. Cone Memorial

Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 16 (1983). Aside from identifying the fact that the Huffmans first filed suit in state court – only commencing the instant federal action upon the transfer of their state case to Bucks County Court of Common Pleas – and that its employees have to drive further to reach the federal courthouse in Philadelphia than to reach the state courthouse in Bucks County, Rockwell Freight has not presented any evidence that even suggests the Court should abstain from exercising jurisdiction and should defer to the parallel state litigation. A slightly longer commute does not present extraordinary circumstances meriting abstention. See McMurray v. De Vink, 27 F. Appx. 88, 93 (3d Cir. 2002). Nor does the order of filing suit, absent any evidence that the first-filed state court action has proceeded substantially further in its development, present extraordinary circumstances meriting abstention. See Allied Nut and Bolt, Inc. v. NSS Industries, Inc., 920 F. Supp. 626, 628-29, 632 (E.D. Pa. 1996) (concluding Colorado River prompts deference to the state-court forum where the proceedings therein are further advanced than those of the federal court).

**Conclusion**

Upon review of relevant caselaw and the parties' submissions, and as detailed above, the Court finds the Huffmans' arguments to be persuasive and Rockwell Freight's Motion is denied. An appropriate order follows.

BY THE COURT:


S/Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

6